### EDNA MAYS v. THE STATE.

#### No. 4953. Decided April 3, 1918.

**Obscene Language—Telephone—Information—Venue.**

The venue of the offense must be alleged to have been within the jurisdiction of the court where the information is filed, and the allegation of same in the complaint is not sufficient, but such venue must be properly alleged in the information. Following Lawson v. State, 13 Texas Crim. App., 83, and other cases.

Appeal from the County Court of Wichita. Tried below before the Hon. Harvey Harris.

Appeal from a conviction of using obscene and indecent language over the telephone; penalty, a fine of fifty dollars.

The opinion states the case.

*T. F. Hunter,* for appellant.—On question of insufficiency of information: Kelly v. State, 195 S. W. Rep., 853; Moody v. State, 56 Texas Crim. Rep., 393, 126 S. W. Rep., 196; Harrison v. State, 85 S. W. Rep., 1058; Smith v. State, 49 S. W. Rep., 373, and cases cited in opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—By complaint and information appellant was charged with using vulgar, profane, obscene and indecent language

over a telephone and upon trial was convicted. The complaint properly alleged that she committed the offense in Wichita County. The information, however, alleged that she committed the offense in the county of ———, and State of Texas.

She attacked the information and conviction as invalid because the information did not charge that the offense was committed in said county.

The statute (art. 478, subdiv. 5) requires as one of the requisites of an information that it must appear that the place where the offense is charged to have been committed is within the jurisdiction of the court where the information is filed. This court has repeatedly held that although the venue is properly alleged in the complaint that an information founded thereon must itself allege the venue, that the allegation of it in the complaint is not sufficient. Lawson v. State, 13 Texas Crim. App., 83; Orr v. State, 25 Texas Crim. App., 453; Smith v. State, 25 Texas Crim. App., 454, and cases cited in these.

Following these decisions this cause must be reversed and remanded, which is accordingly ordered.

*Reversed and remanded.*